ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| | | |
|---|---|---|
| WILFREDO RIVERA RIVERA, <br><br> Peticionaria, <br><br> v. <br><br> JOSÉ WILFREDO RIVERA VÁZQUEZ, FÉLIX WILFREDO RIVERA VÁZQUEZ, WILMARIE RIVERA VÁZQUEZ, <br><br> Recurrida. | TA2026CE00732 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas. <br><br> Civil núm.: CY2024CV00129. <br><br> Sobre: división o liquidación de la comunidad de bienes hereditaria. |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de junio de 2026.

Una vez más, el señor Wilfredo Rivera Rivera (señor Rivera Rivera) comparece ante este foro intermedio para intentar impugnar la escritura mediante la cual cedió a sus hermanos recurridos su participación en la herencia de su padre, mediando el pago a su favor de $100,000.00.

Mediante este recurso discrecional de *certiorari* presentado el 9 de junio de 2026, el señor Rivera Rivera solicita que revoquemos la orden del foro primario que declaró sin lugar su moción de relevo de sentencia[1].

Subrayamos que este Tribunal emitió una *Sentencia* el 20 de noviembre de 2025, en el recurso de apelación TA2025AP00441[2], instado por el señor Rivera Rivera, en la que confirmamos la sentencia desestimatoria emitida por el Tribunal de Primera Instancia el 15 de agosto de 2025. Allí, concluimos como sigue:

> Debemos apuntar, además, que no fue sino hasta que los apelados presentaron su primera solicitud de desestimación,

---

[1] Ahora, el señor Rivera Rivera repite que fue víctima de fraude por parte de sus hermanos y que el foro primario no consideró en su sentencia desestimatoria del 15 de agosto de 2025, que él había suscrito una escritura en el 2022 para adjudicar un inmueble propiedad de la sucesión a favor de su hermana, señora Wilmarie Rivera Vázquez.

[2] En esa sentencia, discutimos el tracto procesal del caso ante el foro primario, así como los hechos y el derecho planteados por las partes litigantes.

que el señor Rivera [Rivera] enmendó su demanda para incluir una descarnada alegación de que uno de sus hermanos lo había citado a su negocio para allí firmar el documento, que luego se convirtió en la Escritura 201 [de 25 de octubre de 2021, intitulada *Cesión de Derechos y Acciones Hereditarias*]. Esta alegación se incluyó con el fin de apoyar la propuesta del apelante a los efectos de que la Escritura 201 no había cumplido con las formalidades de ley.

Con excepción de esa alegación, ni de la demanda ni de su enmienda surgen hechos particulares que nos permitan concluir que hubieran mediado las maquinaciones insidiosas que podrían configurar el dolo en la contratación. Por lo tanto, nos vemos forzados a concluir que el señor Rivera, aun analizando las alegaciones de su reclamación de la manera más favorable para él, no nos puso en posición de inferir que pudo haber mediado dolo.

Por el contrario, las alegaciones de la demanda y los documentos obrantes en autos confirman que la cesión de derechos hereditarios constituyó un contrato válido y eficaz entre los cuatro (4) hermanos.

Por ello, y a la luz del derecho discutido en nuestra sentencia, confirmamos la sentencia del foro primario. El mandato en ese recurso fue notificado el 25 de febrero de 2026.

El 19 de mayo de 2026, el señor Rivera Rivera presentó su solicitud de relevo de sentencia ante el Tribunal de Primera Instancia, la cual fue denegada en esa misma fecha. Inconforme, el peticionario instó este recurso.

Nuevamente, el señor Rivera Rivera insiste en que sus hermanos le privaron de sus derechos como heredero y le indujeron a error. No obstante, en apoyo de su contención, ahora añade que compareció al otorgamiento de una escritura posterior[3], lo que necesariamente implica que la primera escritura de cesión de sus derechos hereditarios no era válida. Tal razonamiento no resulta convincente.

Por tanto, evaluado el recurso a la luz del derecho aplicable, y prescindiendo de la comparecencia de la parte recurrida[4], denegamos la expedición del auto de *certiorari*, pues el peticionario no nos puso en

---

[3] *Véase*, nota al calce núm. 1, *ante*.

[4] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

posición de concluir que el foro primario hubiera incurrido en un error que justifique nuestra intervención. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, **denegamos la expedición del auto de *certiorari*.**

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones